IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-31275
Summary Calendar
_____


TRITON CONTAINER INTERNATIONAL
LIMITED,

                                                    Plaintiff,

                              versus

BALTIC SHIPPING COMPANY,

                                                    Defendant.

*******************************************************************

NAVIOMAR S A DE C V

                                            Plaintiff-Appellee,

                              versus

BALTIC SHIPPING COMPANY, in personam

                                          Defendant-Appellant.

_____

      Appeal from the United States District Court for the
                  Eastern District of Louisiana
                        (95-CA-427"G")

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .
                        August 1, 1996
Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

_____

      [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Baltic Shipping Company ("Baltic") appeals two orders of the district court. Baltic first appeals the district court's order granting summary judgment for Naviomar, S.A. de C.V. ("Naviomar"), one of many parties to these consolidated actions.[1] Baltic also appeals the district court's refusal to stay proceedings pending arbitration. We affirm.

This court reviews a grant of summary judgment de novo, using the same standard applicable in the district court. E.g., Matagorda County v. Law, 19 F.3d 215, 217 (5th Cir. 1994). Summary judgment is appropriate if the record discloses that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Id., FED. R. CIV. P. 56(c). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. Id. If the record as a

---

[1]We note that Baltic has noticed an appeal of a summary judgment ruling that did not adjudicate all the claims and the rights and liabilities of all the parties to these consolidated actions. We further note that the district court did not certify this issue for appeal pursuant to FED. R. CIV. P. 54(b). However, because this is an admiralty case, we exercise our appellate jurisdiction to review Baltic's summary judgment appeal pursuant to 28 U.S.C. § 1292(a)(3). Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd., 79 F.3d 480, 483 (5th Cir. 1996) (in an admiralty case, it is not necessary for the order appealed from to have determined all the rights and liabilities of all the parties).

whole could not lead a rational trier of fact to find for the nonmovant, then there is no genuine issue for trial. Matagorda, 19 F.3d at 217.

Baltic argues that the district court erred in granting summary judgment for Naviomar by usurping the factfinder's province when it decided a disputed issue of fact. Specifically, Baltic claims that the district court accepted as true the president of Baltic's confirmation of Baltic's debt to Naviomar, while rejecting a contradictory sworn affidavit of Baltic's treasurer.

Based on the record before us, we conclude that no rational trier of fact could find for Baltic on this issue. We agree with the district court's reasoning that the December 1, 1995 facsimile communication of Baltic's president, the highest ranking officer of the company, constitutes an admission of the full amount due and owing from Baltic.[2] The record contains no later retraction or denial of this admission by Baltic's president. The earlier affidavit of Baltic's treasurer does not create a genuine issue of material fact worthy of trial, particularly in the light of the

---

[2]Baltic's president transmitted the facsimile to Naviomar on December 1, 1995, while this case was pending. The facsimile states in pertinent part:

> Please be informed that BSC confirms balance due to you in the amount of USD 2,411,330.68 and we have asked our lawyer co. Terriberry to pass it to the Court of New Orleans.

overwhelming corroborating evidence of Baltic's acknowledgement of its debt to Naviomar. This evidence includes, among other things: a September 8, 1995 facsimile from Baltic's president to Naviomar that confirms Baltic's debt to Naviomar;[3] the sworn affidavit of Naviomar's president, which attests to Baltic's longstanding and repeated recognition of its debt to Naviomar and to the September 8, 1995 facsimile from Baltic's president; and the sworn affidavit of Naviomar's account manager, which states that numerous Baltic representatives, including its treasurer and entire financial department, regularly accepted and acquiesced to the monthly statements of account prepared by Naviomar to reflect Baltic's debt. Because there is no genuine issue for trial, the district court's grant of summary judgment for Naviomar was proper.

We review de novo the district court's denial of Baltic's motion to stay litigation pending arbitration. In re Complaint of Hornbeck Offshore (1984) Corp., 981 F.2d 752, 754 (5th Cir. 1993). The district court denied Baltic's motion because it found as a

---

[3]The September 8, 1995 facsimile from Baltic's president states in pertinent part:

> ... I confirm the debt of BSC [i.e., Baltic] to Naviomar S.A.
>
> We will settle the debt for the mutual satisfaction and we are not going to Moscow arbitration for this matter.

fact that Baltic's president had waived in writing Baltic's contractual right to arbitrate.  The right to arbitrate, like other contractual rights, may be waived.  <u>Price v. Drexel Burnham Lambert, Inc.</u>, 791 F.2d 1156, 1158 (5th Cir. 1986).  Based on our review of the record, we conclude that the district court correctly denied Baltic's motion to stay pending arbitration.

Accordingly, the district court's orders are

A F F I R M E D.